JOSHUA S. GOODMAN, ESQ. (SBN 116576)
ZACHARY S. TOLSON, ESQ. (SBN 242824)
JENKINS GOODMAN NEUMAN & HAMILTON LLP
417 Montgomery Street, 10th Floor
San Francisco, California 94104
Telephone:   (415) 705-0400
Facsimile:    (415) 705-0411
*jgoodman@jgn.com*
*ztolson@jgn.com*

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO

| | |
|---|---|
| JOHN KREZEK, <br><br> Plaintiff, <br> vs. <br><br> HOME DEPOT U.S.A., INC., et al. <br><br> Defendants. | Case No. 2:08-cv-01570-JAM-GGH <br><br> STIPULATED PROTECTIVE ORDER |

Plaintiff JOHN KREZEK ("Plaintiff") and Defendant HOME DEPOT U.S.A., INC. ("Defendant"), referred to collectively as "the Parties," by and through their respective attorneys, stipulate to the following:

1.  In response to discovery requests the Parties may produce documents which they consider proprietary and confidential. Such documents may include, but are not limited to, store maps, manuals, written policies and procedures, training videos and materials, claims information, lead details, emails, correspondence, contracts with third parties, criminal background check reports, witness statements, and/or inspection reports. This Stipulated Protective Order is intended to cover and apply to <u>any and all documents produced in this litigation</u> designated as such (hereinafter 'Confidential Material'). Any party may designate said "Confidential Material" by clearly marking the documents as such.

2.  Confidential Material produced pursuant to this Order may not be disclosed

or made available to any person or entity other than the Parties, their counsel (including paralegals, clerical and secretarial staff employed by such counsel and working on this case), and experts or consultants retained by that counsel (subject to paragraph 3, below).

3. Prior to receiving any Confidential Material, any experts or consultants retained by counsel shall be provided with a copy of this Order and shall execute a non-disclosure agreement in the form of Attachment A, a copy of which shall be provided to counsel for opposing counsel at the same time and along with the disclosure of expert witness information pursuant to Code of Civil Procedure section 2034.

4. Confidential Material may be used only in connection with the prosecution and defense of this action, and not for any other purpose. Use of Confidential Material is permitted at depositions of parties or their experts or in motions filed with the court, subject to the requirements of paragraph 5.

5. In making use of any Confidential Material, counsel for the Parties are required by this protective order to make reasonable and good faith efforts to prevent the disclosure of any Confidential Material to any person or entity not specified in section 2, above. These efforts shall include taking steps to ensure that Confidential Material used during a deposition, in connection with a motion, or at trial is used under seal or in some other manner which prevents its disclosure to any person or entity not specified in section 2, above [aside from court personnel]. The parties agree to meet and confer in a good faith effort to address any issues related to the use of Confidential Material at depositions, in court filings, or otherwise.

6. Before filing any Confidential Material with the Court, the Parties agree to give opposing counsel reasonable advance notice of his intention to do so to permit opposing counsel to make a motion for an order that such documents be filed under seal.

7. In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using

Jenkins Goodman
Neuman & Hamilton LLP
417 Montgomery St., 10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400

**STIPULATED PROTECTIVE ORDER**

such shall take all reasonable steps to maintain its confidentiality during such use.

8.  This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted, or (ii) to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order. In any motion challenging the designation of Confidential Material, the burden of proof shall be on the party claiming confidential status.

9.  If any Confidential Material is introduced during a deposition, such Confidential Material must be bound separately from the deposition transcript. Furthermore, counsel for the party taking (noticing) the deposition shall demand of the court reporter that he or she return any and all copies of said Confidential Material after the completion of the deposition transcript(s) and related volume(s) of exhibits.  Any party attending a deposition where "Confidential" material is referenced in any way may designate relevant portions of the deposition transcript as "Confidential," but this must be done at the time of the deposition.  Those portions of the transcript shall likewise be bound separately in an envelope or other receptacle, clearly labeled, "Confidential."

10.  Upon settlement of this action, or upon final judgment once each party's appellate rights have been exhausted or the time within which each party may exercise such rights has expired, the Parties may demand return of all copies of all Confidential Material from any persons to whom disclosure has been made under paragraph 2 above and shall return to opposing counsel all copies of all Confidential Material which it has in his possession, including copies returned by any persons to whom disclosure has been made under paragraph 2, above.

11.  Any disclosure of Confidential Material, other than as permitted by this

-3-

**STIPULATED PROTECTIVE ORDER**

1 protective order, shall be a contempt of court [if so adjudged by the court].

2     12.    No party shall be deemed to have waived any terms of this protective order, including this paragraph, except by express written waiver of counsel.

    13.    This stipulation is reached without prejudice to later modification by agreement of the parties, or by order of the court upon a showing of good cause.

    14.    Nothing herein is intended or should be construed as preempting or superseding, modifying or altering, in any way, the Federal Rules of Civil Procedure or the Local Rules of this Court.  This Stipulated Protective Order should be interpreted as operating in accordance with the same.

IT IS SO STIPULATED.

Dated:  May __, 2009                PIERING LAW FIRM

By: _____
Robert A. Piering
Attorneys for Plaintiff
JOHN KREZEK

Dated:  May __, 2009                JENKINS GOODMAN NEUMAN
                                              & HAMILTON LLP

By: _____
Joshua S. Goodman, Esq.
Zachary S. Tolson, Esq.
Attorney for Defendants
HOME DEPOT U.S.A., INC.

**ORDER**

IT IS SO ORDERED [bracketed material added by the undersigned].

Dated: July 6, 2009

/s/ Gregory G. Hollows
_____
UNITED STATES DISTRICT COURT
Magistrate Judge Gregory G. Hollows

Krezak.po

UNITED STATES DISTRICT COURT FOR

THE EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO

| | |
|---|---|
| JOHN KREZEK,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A., INC., et al.<br><br>　　　　　　Defendants. | Case No. 2:08-cv-01570-JAM-GGH<br><br>STIPULATED PROTECTIVE ORDER |

　　　　I, _____, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in the above-captioned case, a copy of which is attached to this Affidavit.

2. I have been informed by _____, Esq., counsel for _____, that the materials which constitute discovery responses by the parties to this action and which have been designated "Confidential" as defined in the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information show or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

DATED: _____

_____
(Print name)

_____
(Signature)

_____
(Organization)

_____
(Telephone number)

Jenkins Goodman
Neuman & Hamilton LLP
417 Montgomery St., 10th Floor
San Francisco, CA 94104
Tel.: (415) 705-0400